IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON L. FERGUSON, #14304-025, and ALEJANDRO CUNNINGHAM,[1] | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 19-cv-01325-JPG |
| DRUG ENFORCEMENT ADMINISTRATION and COLLINSVILLE, IL POLICE DEPT., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Brandon Ferguson, an inmate in the custody of the Federal Bureau of Prisons and currently housed at the United States Penitentiary in Leavenworth, Kansas, brings this action pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). (Doc. 1, pp. 1-9). In the Complaint, Ferguson challenges his criminal conviction for conspiracy to distribute cocaine in *United States v. Ferguson*, No. 19-cr-30035-NJR (S.D. Ill.) (criminal case). Ferguson claims that he was wrongfully convicted after the defendants planted cocaine and money at the residence where he was arrested. (*Id.* at pp. 7-8). Despite pleading guilty to the charges, Ferguson now contends that he lacked information necessary to voluntarily and knowingly make this plea. (*Id.*). He seeks money damages and prosecution of the defendants[2] involved in the matter. (*Id.* at p. 9).

---

[1] Plaintiff Alejandro Cunningham shall be dismissed from this action without prejudice and without the assessment of a filing fee. By all indications, Cunningham had no involvement in preparing or filing this action. He did not sign the Complaint, Motion for Leave to Proceed *in forma pauperis*, or any other motion. The Court has received no communication from him during the pending action. The Clerk of Court will therefore be directed to **TERMINATE** Plaintiff Cunningham as a party to this action in CM/ECF.

[2] A plaintiff cannot use *Bivens* or the FTCA to bring criminal charges against a defendant.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate two claims in this action:

**Count 1:** Defendants violated unspecified constitutional rights of Ferguson pursuant to *Bivens* by planting drugs and money at the residence where he was arrested in connection with *United States v. Ferguson*, No. 19-cr-30035-NJR (S.D. Ill.).

**Count 2:** Defendants are liable for money damages under the FTCA for planting drugs and money at the residence where Ferguson was arrested and later convicted for conspiracy to distribute cocaine in *United States v. Ferguson*, No. 19-cr-30035-NJR (S.D. Ill.).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

**Discussion**

The *Bivens* claim cannot proceed against Defendants Drug Enforcement Agency and Collinsville Police Department. In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a limited remedy against individual federal agents for a narrow set of constitutional violations. The DEA is a federal agency and not an individual agent. *See also Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against . . . a federal agency"). Collinsville Police Department is not a suable entity under

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Bivens*. Having failed to name a federal agent or identify any violation of a federally recognized right under *Bivens*, Count 1 shall be dismissed with prejudice against both defendants for failure to state a claim upon which relief may be granted.

The FTCA claim shall also be dismissed. The FTCA allows federal inmates to bring a suit against the United States for injuries they sustain in custody as a result of the negligence or wrongful conduct of federal employees. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Plaintiff did not name the United States as a defendant or identify any act of misconduct of a federal employee that supports an FTCA claim herein. Count 2 shall also be dismissed with prejudice against both defendants for failure to state a claim.

The Court notes that Plaintiff seeks money damages for what is, in essence, a challenge to his underlying criminal conviction in *United States v. Ferguson*, No. 19-cr-30035-NJR (S.D. Ill.). However, the conviction still stands. Because his claim in this case challenges the validity of his conviction, Plaintiff cannot reassert this claim against any defendant until the conviction is reversed or expunged. *See Day v. Watson*, 798 F. App'x 27, 29 (7th Cir. decided Mar. 20, 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (Section 1983 claim for money damages based on constitutional violation(s) that necessarily imply the invalidity of a standing conviction is unavailable to prisoner until conviction is reversed or expunged)). *See also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (extending *Heck* to *Bivens* actions). If he wishes to challenge the fact or duration of his confinement, Plaintiff should do so in a direct appeal of his criminal case, a collateral attack under 28 U.S.C. § 2255, or a federal habeas action under 28 U.S.C. § 2241. *See id.* This Order does not prevent him from pursuing any of these avenues to relief. However, Plaintiff cannot pursue them in this action. The Complaint and this action shall be dismissed with prejudice. This case will be closed.

### Disposition

The Clerk of Court is **DIRECTED** to **TERMINATE** Plaintiff Alejandro Cunningham as a party to this action. No filing fee or strike will be assessed against this individual.

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that the dismissal counts as another "strike" under the provisions of 28 U.S.C. § 1915(g). Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 4/14/2020

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**